UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FERNANDO PACCHIEGA,

        Plaintiff(s),

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION and GOLDMAN, SACHS & CO.,

        Defendant(s).

2:13-CV-478 JCM (PAL)

**ORDER**

    Presently before the court is defendant Federal Home Loan Mortgage Corporation's motion to dismiss. (Doc. #20). *Pro se* plaintiff Fernando Pacchiega responded (doc. #25), defendant replied (doc. #27). Also before the court is defendant's counter-motion to strike. (Doc. #24). Plaintiff did not respond.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## I. Background Facts

The facts are not readily ascertainable from *pro se* plaintiff's complaint.[1] However, the court properly relies on judicially noticed documents to ascertain the facts of this matter.[2]

On or about December 22, 2006, plaintiff, along with Kenneth C. Vidal, purchased certain real property located at 9359 Rushworth Avenue, Las Vegas, Nevada 89178 (the "property"). Lender Home American Mortgage Corporation loaned plaintiff and Vidal $263,992 to purchase the property, securing the loan with a deed of trust against the property. (Doc. # 20, Ex. A). The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, and Stewart Title of Nevada as trustee. (*Id.*, Ex. A)

On December 5, 2011, MERS assigned the deed of trust to Wells Fargo Bank, N.A. (*Id.*, Ex. B). Wells Fargo Bank, N.A. substituted MTC Financial Inc. dba Trustee Corps as trustee under the deed of trust on July 5, 2012. (*Id.*, Ex. C). On September 24, 2012, MTC recorded a notice of default against the property. (*Id.*, Ex. D). The State of Nevada Foreclosure Mediation Program issued its certificate on November 27, 2012, indicating that "[t]he Beneficiary may proceed with the foreclosure process." (*Id.*, Ex. E). On January 18, 2013, MTC recorded a notice of trustee's sale, noticing a sale on February 22, 2013. (*Id.*, Ex. F).

On January 22, 2013, plaintiff recorded a rogue quit claim deed, which purported to transfer the property from Vidal to plaintiff. (*Id.*, Ex. G). On February 13, 2013, plaintiff recorded a rogue document entitled "Affidavit of Fact" against the property. (*Id.*, Ex. H).

---

[1] Defendant requests that the court take judicial notice of exhibits attached to their motion to dismiss. (Doc. # 20). Pursuant to Fed.R.Evid. 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Therefore, the court judicially notices the attached documents are they are matters of public record. (*See* doc. # 20, Exs. A-H).

[2] Review on a motion pursuant to Fed.R.Civ.P. 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed.R.Civ.P. 12(b); *see United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908.

On the same date, plaintiff filed the instant complaint against defendant and Goldman, Sachs, & Co.[3] Liberally construing plaintiff's complaint, it appears he is pleading causes of action for (1) intentional misrepresentation, (2) negligent misrepresentation, and (3) quiet title. (Doc. # 1, Ex. A). Plaintiff also filed a *lis pendens* with the state district court on February 13, 2013, though he did not record the document with the Clark County Recorder. (*Id.*).

**II.     Motion to dismiss (doc. # 20)**

    **A.     Legal Standards**

        **1.     Rule 8**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint

---

[3] Defendant Federal Home Loan Mortgage Corporation is the only defendant left. Defendant Goldman, Sachs & Co. was voluntarily dismissed by plaintiff (*see* doc. # 13).

1  alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the
2  alleged misconduct. *Id.* at 1949.

3  Where the complaint does not permit the court to infer more than the mere possibility of
4  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*
5  (internal quotations omitted). When the allegations in a complaint have not crossed the line from
6  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

7  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
8  1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
9  allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
10 but must contain sufficient allegations of underlying facts to give fair notice and to enable the
11 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
12 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
13 be subjected to the expense of discovery and continued litigation." *Id.*

### 2. Rule 9

15  Rule 9 provides that for a party to allege fraud, he "must state with particularity the
16  circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's
17  mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who,
18  what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d
19  1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with
20  adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as
21  a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be
22  harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from
23  unilaterally imposing upon the court, the parties and society enormous social and economic costs
24  absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)
25  (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citation omitted)).

26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

1   In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum,
2   identify the role of each defendant in the alleged fraudulent scheme to satisfy the fraud pleadings
3   rule. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

4   **B.     Discussion**

5   As an initial matter, the court is mindful "to liberally construe the 'inartful pleading' of pro
6   se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). The court will view plaintiff's
7   pleadings with the appropriate degree of leniency.[4]

8   **1.     Intentional & negligent misrepresentation**

9   To state a claim for intentional misrepresentation, plaintiff must prove: "(1) the defendant
10  made a false representation; (2) with the knowledge or belief that the representation was false (or
11  knowledge that it had an insufficient basis for making the representation); (3) and was made with
12  the intention of inducing the party to act or refrain from acting upon the misrepresentation; (4)
13  plaintiff justifiably relied upon the misrepresentation; and (5) plaintiff suffered damage as a result
14  of the reliance." *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1168-69 (D. Nev. 2005). The torts
15  of intentional misrepresentation and negligent misrepresentation are related, the difference being
16  "that a negligent misrepresentation is made without a reasonable basis for believing its truthfulness."
17  *Id.* at 1170.

18  Here, plaintiff's misrepresentation claims are not pleaded with the requisite particularity
19  under Rule 9(b)'s heightened pleading standard. Although the court must construe the pleadings
20  liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."
21  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)

---

[4] However, the court notes that plaintiff's complaint is virtually identical to other foreclosure related complaints that are before this court. *See, e.g.*, *Salinas v. Federal National Mortgage Association et al.*, 2:13-CV-00407-JCM-GWF, doc. # 1, ex. A; *see also Santivanes v. Bank of New York Mellon*, 2:13-CV-299-JCM-GWF, doc. #1, ex. A; *see also Serrano v. Flagstar Bank, FSB*, 2:13-cv-00558-JCM-CWH, doc. # 1, ex. A. In fact, plaintiff's response is substantially identical to plaintiff Salinas' response in case 2:13-CV-00407-JCM-GWF, doc. # 10; plaintiff Santivanes' response in case 2:13-CV-299-JCM-GWF, doc. #7; and plaintiff Serrano's response in case 2:13-CV-00558-JCM-CWH, doc. # 7. Pleadings in the Ninth Circuit must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

**James C. Mahan**
**U.S. District Judge**

1  ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of
2  procedure."); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants
3  in the ordinary civil case should not be treated more favorably than parties with attorneys of
4  record."). Specifically, plaintiff fails to provide the time, place, and substance of the alleged
5  misrepresentation. *Vess*, 317 F.3d at 1106. Further, plaintiff does not sufficiently allege justifiable
6  reliance as there are no factual assertions concerning his reliance on the alleged misrepresentations.

7  Because plaintiff's complaint fails to meet the requisite pleading standard; plaintiff's claims
8  for intentional misrepresentation and negligent misrepresentation are dismissed.

### 2. Quiet title

10  Plaintiff appears to assert a claim to quiet title. "A trustor cannot quiet title without
11  discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39
12  Cal. App. 3d 475, 478 (Cal. 1974). "The purpose of a quiet title action is to establish one's title
13  against adverse claims to real property or any interest therein." *Hafiz v. Greenpoint Mortg. Funding,
14  Inc.*, 652 F.Supp.2d 1039, 1049-50 (N.D. Cal. 2009). In a quiet title action, the burden of proof rests
15  with the plaintiff to provide good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314,
16  318 (Nev. 1996).

17  Plaintiff has not alleged precisely what adverse interest he is seeking to quiet or that he has
18  repaid his loan. This cause of action fails.

### 3. Relief sought

20  Plaintiff seeks injunctive relief and reconveyance of the property. Injunctive relief is a remedy
21  and not a cause of action. *See Freeto v. Litton Loan Serv., LP*, no. 3:09-cv-754, 2011 WL 112183,
22  at *3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent injunction
23  because those remedies may only "be afforded to a party after he has sufficiently established and
24  proven his claims"). Additionally, plaintiff cannot show irreparable harm or a high enough likelihood
25  of success on the merits of any of the causes of action. Plaintiff's claim for injunctive relief is
26  dismissed.

27  . . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

### III. Motion to Strike

On May 31, 2013, plaintiff moved for entry of clerk's default. (Doc. #18). Less than a week later defendant made an appearance in this action (doc. # 19) and filed a motion to dismiss (doc. # 20) (resolved *supra*). The motion for entry of clerk's default has not yet been ruled on. Defendant moves to strike the motion as superfluous because it has made an appearance in this action and filed an initial responsive pleading. (Doc. #24).

Clerk's default has not been entered against defendant–however, there exists good cause to set aside entry of clerk's default even if default had been entered. Defendant has made an appearance in this action and filed a responsive pleading. On this basis, the court finds that plaintiff's motion for entry of clerk's default is moot, therefore, defendant's motion to strike is DENIED as moot.

### IV. Conclusion

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Federal Home Loan Mortgage Corporation's motion to dismiss (doc. #20) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Federal Home Loan Mortgage Corporation's counter-motion to strike (doc. #24) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that *pro se* plaintiff Fernando Pacchiega plaintiff's motion for entry of clerk's default (doc. # 18) be, and the same hereby is, DENIED as moot.

IT IS THEREFORE ORDERED that the clerk of the court shall enter judgment consistent with this order and close this case.

DATED July 5, 2013.

UNITED STATES DISTRICT JUDGE