UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERNANDO PACCHIEGA, | 2:13-CV-478 JCM (PAL) |
| Plaintiff(s), | |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION and GOLDMAN, SACHS & CO., | |
| Defendant(s). | |

**ORDER**

Presently before the court is plaintiff's motion for the court to reconsider its order granting a motion to dismiss in favor of defendant. (Doc. #30). Defendant filed a response in opposition. (Doc. #31).

**I.    Background**

This case arises out of a property transfer, in which the court liberally construes plaintiff's causes of action for (1) intentional misrepresentation, (2) negligent misrepresentation, and (3) quiet title. (Doc. #1, Ex. A). This court granted defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #28). Subsequently, plaintiff filed the instant motion to reconsider. (Doc. #30).

**II.   Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration "is

**James C. Mahan**
**U.S. District Judge**

1  appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)).

### III. Discussion

Plaintiff requests that the court reconsider its order pursuant to Fed. R. Civ. P. 59(e). Plaintiff is not presenting the motion based on one of the recognized grounds for reconsideration. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff argues that the court should allow the parties to engage in discovery, asserting "if there was any issue with how the plaintiff or defendant were handling this complaint, it should have gone to discovery and not have been closed out." Restated, the plaintiff hopes the court will arrive at a different conclusion if it revisits the issue. This is not the purpose of a motion for reconsideration. *See Teller v. Dogge*, no. 2:12-cv-591-JCM-GWF, 2013 WL 508326, at *6 n. 6 (D. Nev. Feb. 8, 2013) ("Motions for reconsideration are not appropriate when a party wants the court to think about the issue again in the hope that the court will come out the other way the second time.").

### IV. Conclusion

For the foregoing reasons, the court finds that plaintiff's motion for reconsideration does not present any newly discovered evidence, indicate that the court's prior order came as a result of clear error or manifest injustice, or reveal that there was a change in the controlling law. Accordingly, the court will deny the motion.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
2   reconsideration (doc. # 30) be, and the same hereby is, DENIED.
3   DATED January 24, 2014.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE